Erma R. WILSON, Plaintiff,

v.

Anthony M. FRANK, Postmaster General; United States Postal Service; and American Postal Workers Union, Defendants.

Civ. No. 89–4066.

United States District Court, D. South Dakota, S.D.

Oct. 7, 1991.

Patrick M. Connor, Minneapolis, Minn., John B. Wehde, Huron, S.D., for plaintiff Erma R. Wilson.

Helen Higgens Kelly, U.S. Postal Service, Office of Field Legal Services, Chicago, Ill., John J. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for defendants Anthony M. Frank and U.S. Postal Service.

Susan L. Catler, Washington, D.C., Robert L. O'Connor, Sioux Falls, S.D., for defendant American Postal Workers Union.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, Chief Judge.

Plaintiff Erma R. Wilson (Wilson) has been a part-time employee of the defendant United States Postal Service (postal service) in Huron since 1979, and is a member of the defendant American Postal Workers Union (union).

She brought this action, alleging in Count I that the postal service discriminated against her on the basis of sex; alleging in Count II that the postal service deliberately or negligently inflicted emotional distress on her; alleging in Count III that the union violated its contractual duty of fair representation; and alleging in Count IV that the union's conduct was so outrageous that she was entitled to punitive damages.

The defendants each made a Motion to Dismiss, or in the Alternative, for Summary Judgment. The motions came on for hearing on July 22, 1991, and because each party submitted matters outside the pleadings, the motion was treated as a motion for summary judgment. Fed.R.Civ.P. 12(b).

At the hearing, the postal service's motion for summary judgment on Count II was granted, and the union's motion for summary judgment on Counts III and IV was granted. The Court took under advisement the postal service's motion for summary judgment on Count I. Upon the record and for the reasons set out herein, the postal service's motion for summary judgment on Count I will be granted, and the action dismissed with prejudice.

## 1.

In considering the motion for summary judgment, the following principles are applicable.

> Summary judgment is appropriate only when there is no genuine issue as to any material fact and the case may be decided on purely legal grounds. The substantive law of the case determines which facts are material or critical, and a dispute about a material fact is genuine if a reasonable jury could return a verdict in favor of either party. A judge's function in ruling on a summary judgment motion is not to weigh the evidence but to determine whether a genuine issue exists that can be resolved only by the trier of fact at trial. The court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. The court must grant a defendant's motion for summary judgment when the plaintiff has failed to make a sufficient showing on an essential element of his case.

*White v. Farrier*, 849 F.2d 322, 325 (8th Cir.1988). (citations omitted.)

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e); *Miller v. Solem*, 728 F.2d 1020, 1023 (8th Cir.1984).

Plaintiff's work experience at the Huron post office was uneventful until the arrival of a new Postmaster, Judy Thomas, in 1985. The plaintiff, who had been working in the office, was assigned to work on the docks. Minor problems developed between plaintiff and the postmaster, and the problems reached a climax on May 16, 1986; this lawsuit arises out of that incident. Plaintiff went to the Huron office for a Step 2 hearing before the postmaster, and brought some documents with her to the hearing. At the conclusion of the hearing, plaintiff sought to pick up the documents and the postmaster told her to leave the documents. Plaintiff refused to do so, and after she picked them up, Ms. Thomas and Sally Steever, another supervisor, wrestled them away from her. The confrontation continued to the lobby of the post office, and eventually the police were called. They took plaintiff to the police station and booked her. Plaintiff was placed on emergency leave and was subsequently discharged on July 12, 1986.

Wilson states that she filed a request for counseling with the Postal Service Equal Opportunity Office ("EEO") by letter dated June 12, 1986. EEO denies receiving the letter. EEO denies receiving notice of Wilson's claims before September 12, 1986. On September 12, an EEO counselor received a telephone call from Wilson. EEO files contain a letter from Wilson dated September 8, 1986 and postmarked September 9, 1986. Later Wilson produced a letter dated June 12, 1986. EEO, nevertheless, processed Wilson's counseling request.

On November 9, 1986, Wilson signed a request for counseling. Wilson stated that the corrective action she was seeking was,

> To be reinstated as a postal employee with full backpay for the time I missed. I would also like to be treated fairly when I am reinstated.

Statement of Anthony M. Frank, Postmaster General and the United States Postal Service of Material Facts Not in Dispute, 112.

On August 6, 1987, Wilson signed a formal EEO complaint stating that she was seeking

> To be reinstated as a postal employee. To be made whole, including backpay plus interest. I also want to be treated fairly when I am reinstated.

On February 22, 1988, the Postal Service offered Wilson a formal resolution of her EEO complaint. The Equal Employment Opportunity Commission, Office of Review and Appeals ruled that the tendered offer constituted full relief of Wilson's complaint except that it did not provide for interest on backpay. Wilson refused the settlement

because she did not believe that it was comprehensive.

In the Spring of 1988, a settlement was almost reached regarding the peripheral issues of plaintiff's claims, the wage and hour issues. The proposed settlement was acceptable to plaintiff. However, the more important issues, discrimination, harassment and infliction of emotional distress were not addressed. The defendants have consistently ignored and failed to consider these substantive problems at the Huron Post Office.

Plaintiff's Memorandum in Response to All Defendant's Motions to Dismiss and for Summary Judgment.[1]

Later, the Postal Service acceded to the EEOC requirement of interest and tendered a check to Wilson.

After arbitration of plaintiff's claim against the postal service, plaintiff received backpay with interest and was reinstated as a postal employee, but she maintains that the EEOC settlement is inadequate because it does not address her claim of sex discrimination.

### A.

■ The postal service's first claim is that plaintiff is not entitled to relief because she did not timely exhaust her administrative remedies. The postal service asserts that plaintiff did not contact the Postal Service's Equal Employment Opportunity (EEO) counselor until September 12, 1986 which was more than thirty days after her discharge. Plaintiff asserts that she mailed the required letter and the postal service lost it. The EEO agency accepted the complaint as timely, and the Court will also do so.

### B.

■ The Postal Service's alternative claim that Wilson has received full relief is meritorious. Initially, it is important to note that Wilson has received everything she requested. She asked "[t]o be reinstated as a postal employee. To be made whole, including backpay plus interest. [And] to be treated fairly when ... rein-

stated." Wilson has been reinstated and paid backpay with interest.

Plaintiff complains that she wasn't offered a forty hour work week. Plaintiff was a part-time employee at the time of the incident, and was not entitled to have her status changed to a full time, 40 hour per week employee, either in the administrative proceedings or in this action.

Wilson received an offer of whole relief; she may not now bring her claim to this Court.

The purpose of the good faith participation requirement is to give the administrative process an opportunity to work and to enhance the chances of administrative resolution. It follows that a claimant who is offered full relief in the administrative process must either accept the relief offered or abandon the claim. *Wrenn v. Secretary, Dept. of Veterans Affairs*, 918 F.2d 1073, 1078 (2nd Cir.1990).

In Wilson's brief she states as follows: The Postal Service now argues that the Title VII claim is moot because plaintiff did not accept the relief in 1988. The "full relief" provided by the EEOC on August 24, 1988 provided for reinstatement at 20 hours a week (not 40), backpay plus interest (which the Postal Service underpaid) and "agency officials should not make appellant's work experience unnecessarily unpleasant."

Nothing in this order would make certain that plaintiff's work experience would be "unnecessarily unpleasant." (sic) Plaintiff has been fighting against sex discrimination and harassment, not an unnecessarily unpleasant work experience. There were no sanctions, no specific findings of discrimination, no names mentioned so that no one could be subject to sanctions. Plaintiff was not made whole by this order.

Plaintiff's Memorandum in Response to All Defendant's Motions to Dismiss and for Summary Judgment.

Wilson seeks more than can be awarded under Title VII—her claim under Count I.

Title VII is plaintiff's exclusive remedy. *Brown v. General Services Administra-*

---

1. The pages of Plaintiff's Memorandum are un-    numbered.

*tion,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). Title VII entitles Wilson to reinstatement and, potentially, backpay. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 417, 95 S.Ct. 2362, 2371, 45 L.Ed.2d 280 (1975); *DeGrace v. Rumsfeld,* 614 F.2d 796, 808 (1st Cir.1980). Wilson is not entitled to punitive or compensatory damages, even for her emotional distress claim. *DeGrace,* 614 F.2d at 808. Additionally, this Court has the authority to order such other affirmative equitable relief as may be necessary. Wilson may not agree with the language requiring that "agency officials should not make appellant's work experience unnecessarily unpleasant[,]" however, the intent is clear— Wilson should not be discriminated against. Wilson is not entitled to sanctions, or specific findings of discrimination, or names mentioned so that someone could be subject to sanctions.

The Equal Employment Opportunity Commission, Office of Review and Appeals ruled that, other than the interest, the tendered offer constituted full relief of Wilson's complaint. The Postal Service has subsequently paid the interest. This Court agrees that the offer constituted full relief. Wilson received an offer of complete relief and rejected that offer. Therefore, this Court must dismiss Wilson's Title VII claim.

### C.

■ While the foregoing resolves this litigation, the Court concludes that it should consider plaintiff's claim of sex discrimination under the summary judgment standards in order to have a full record for appellate review.

Accepting all of plaintiff's factual assertions as true, she has failed to present any factual claims that would establish a sex discrimination claim under Title VII.

Wilson has not demonstrated a single fact which might tend to substantiate her charges of sex discrimination or sexual harassment. Wilson's entire line of proof is that she believes that she has been treated unfairly and she is a woman.

It appears from Wilson's affidavit, from her deposition, from the pleadings, and from the briefs that she has filed that she did not get along with her supervisors in the Huron Post Office or the officers of the United Postal Workers Local. She asserts that she has been treated unfairly by everyone because she is a woman. There is absolutely no evidence of Wilson's claim. Wilson acknowledges that Postmaster Judy Thomas does not discriminate against all women at the Huron Post Office, only Wilson.[2] Clearly, while the fact that a female employee cannot demonstrate that other women share her fate is not dispositive, it is important where, as here, none of the allegedly discriminatory acts focused on the employee's gender.[3]

It is clear on this record that plaintiff does not like or get along with any of her supervisors in the Huron post office. It is

---

**2.** In her Memorandum in Response to All Defendant's Motions to Dismiss and for Summary Judgment, Wilson stated that

Ms. Thomas has a preference for male employees. She treats male employees and her female friends in a far more friendly and accommodating manner than she treated the plaintiff. Ms. Thomas has a history of picking on individual, female employees. In Huron, plaintiff was selected for this role by Ms. Thomas.

Wilson claims that two women at the Sioux Falls Post Office had complained of sexual discrimination by Ms. Thomas. This allegation is unsupported by the record. Wilson has not filed the affidavits of either of the women, nor does it appear that she witnessed the complaints.

Supporting and opposing affidavits shall be made *on personal knowledge,* shall set forth such facts as *would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed.R.Civ.P. 56(e).

On April 23, 1991, Plaintiff filed notice that she would depose, on April 29, 1991, the women who allegedly filed these complaints. The depositions were never filed with the Court or referred to in Wilson's briefs.

**3.** For example, if a manager made sexual advances toward a female employee, that employee need not show that the manager made sexual advances toward other female employees to demonstrate a Title VII claim.

equally clear that plaintiff's problems are based on personality conflicts, not upon gender. The record when viewed in a light most favorable to plaintiff discloses no basis for a sex discrimination claim under Title VII. The Postal Service is entitled to summary judgment on plaintiff's claim of sex discrimination.

### 2.

Having granted the Postal Service's Motion to Dismiss and, in the Alternative, for Summary Judgment, it is unnecessary to address Wilson's Motion to Compel.

Therefore,

Upon the record herein,

IT IS ORDERED:

(1) That each defendants' Motion to Dismiss will be treated as a motion for summary judgment.

(2) That each defendant's Motion for Summary Judgment is granted.

(3) That the Clerk of Court will enter judgment dismissing plaintiff's complaint with prejudice.