**Erma R. WILSON, Appellant,**

v.

**Marvin T. RUNYON,\* Postmaster General; United States Postal Service; American Postal Workers Union, Appellees.**

**No. 92–1637.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 4, 1992.

Decided Dec. 15, 1992.

Rehearing and Rehearing En Banc Denied Jan. 19, 1993.

---

\* Anthony M. Frank served as Postmaster General at the time this appeal was taken. Marvin T. Runyon assumed the position of Postmaster General on July 6, 1992, and is substituted for former Postmaster General Anthony M. Frank as an appellee in this action, pursuant to Fed. R.App.P. 43(c).

Erma R. Wilson, pro se.

James A. Friedman, Officer of Labor Law, Washington, DC, and John J. Ulrich, Asst. U.S. Atty., Sioux Falls, SD, for appellees.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Erma R. Wilson appeals the district court's[1] orders granting defendants' motions for summary judgment and denying her motion for reconsideration, which the court construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Finding this court to be without jurisdiction, we dismiss the appeal.

Wilson filed this action charging the United States Postal Service, her employer, with sex discrimination under Title VII and negligent infliction of emotional distress. She charged the American Postal Workers Union with breach of its duty of fair representation. By memorandum and order dated October 7, 1991, the court granted defendants' motion for summary judgment and dismissed Wilson's complaint. 783 F.Supp. 446. On November 7, 1991, Wilson filed a motion for reconsideration. She attached affidavits of two other women, which she alleged supported the merits of her sex discrimination claim. On February 10, 1992, the district court construed the motion to reconsider as a motion under Rule 60(b), and denied it. The court concluded that the additional affidavits did not constitute newly discovered evidence because Wilson had referred to the affiant in a prior brief to the court. The court also concluded that, because Wilson had offered no explanation for her failure to submit the affidavits earlier, the failure was not excusable neglect. On March 10, 1992, Wilson appealed the court's October 8, 1991, and February 10, 1992, orders.

Wilson's appeal of the October 8, 1991, order is untimely as it was not filed within sixty days. See Fed.R.App.P. 4(a)(1). Moreover, the motion to reconsider she filed on November 7, 1991, did not extend the time for appeal. See Association for Retarded Citizens v. Sinner, 942 F.2d 1235, 1239 (8th Cir.1991). The district court, however, construed her motion as one for relief under Rule 60(b), and denied it. Wilson timely appealed the denial of this motion, and, if the district court's ac-

---

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

tion were correct, the propriety of that ruling would be before us.

■ We believe, however, that the district court erred in construing Wilson's motion to reconsider as a Rule 60(b) motion. Rule 60(b) provides extraordinary relief. It does not provide a "safe harbor" for all who exceed the time limits of Rule 59. Instead, "[a] motion can only be considered under Rule 60(b)(1) if it states grounds for relief available under Rule 60." *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir.1992). Here, Wilson's motion alleged no grounds for relief under Rule 60(b). She did not claim the affidavits included with that motion constituted newly discovered evidence, or that her actions constituted excusable neglect. The district court therefore should have dismissed the motion as untimely under Rule 59. Such disposition would leave us nothing to review, as Wilson failed to file a timely appeal of the October 8, 1991, decision.

We do not believe that *Sanders v. Clemco Indus.*, 862 F.2d 161 (8th Cir.1988), mandates a contrary result. In *Clemco*, the district court denied a post-trial motion filed more than ten days after judgment without characterizing it as a Rule 59 or Rule 60 motion. This court concluded that even if it construed the motion as a Rule 60 motion, the district court's denial was not an abuse of discretion. The court did not suggest that district courts should recast untimely post-trial motions as Rule 60 motions; instead it stated that "[a]ggrieved parties in bench trials should not file motions labeled 'motion for reconsideration' in federal district court. The Federal Rules of Civil Procedure do not provide for such a motion. Instead, the motion should be properly designated under the rule authorizing the motion, such as Rule 52 or 59." *Id.* at 170. After such an admonition, parties should not expect the court to recast their untimely post-trial motion to preserve an appeal. Were we to reach the Rule 60(b) issue, however, we would conclude that the district court did not abuse its discretion in denying relief.

We do not intend to remove all discretion from the district court in construing and disposing of post-trial motions. Instead, we simply require that before treating a post-trial motion filed more than ten days after a final judgment as a Rule 60(b) motion, the district court determine that the motion on its face *alleges* grounds for relief available under Rule 60.

Because Wilson filed neither a timely appeal nor a post-trial motion we may properly review, we dismiss the appeal.