George BASHARA, Plaintiff,

v.

BLACK HILLS CORPORATION,
Defendant.

Civ. No. 92–5086.

United States District Court,
D. South Dakota,
Western Division.

April 23, 1993.

Rick Johnson and Stephanie E. Pochop, Gregory, SD, for plaintiff.

John K. Nooney, Rapid City, SD, for defendant.

## MEMORANDUM OPINION AND ORDER

BOGUE, Senior District Judge.

Defendant Black Hills Corporation (BHC) has moved for summary judgment, asserting that plaintiff has nothing but his own subjective opinion on which to base his claim that his discharge violated the Age Discrimination in Employment Act (ADEA). After a careful review of all materials that have been submitted, applicable law, and the entire file in this matter, this Court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

### Factual Background

In accord with summary judgment procedure, the facts are viewed in the light most favorable to the plaintiff, where they are subject to a genuine dispute.

Plaintiff started working for BHC in 1979. Although his job titles changed over time, his performance was always satisfactory, as evidenced by good job performance evaluations. During plaintiff's tenure with BHC, the company grew—by acquiring new businesses and hiring additional employees. In the late 1980's, the company employed about 750 employees. BHC has since divested itself of several of the companies it had acquired, and downsized to 450 employees. In February 1991, defendant announced a reduction in force (RIF), which called for a reduction of nine existing positions and six unfilled positions.[1] Prior to announcing any involuntary terminations, defendant sought volunteers to relinquish their positions. Eight people from positions that were deemed expendable voluntarily left their jobs. Plaintiff did not voluntarily resign; and he was the only employee that defendant discharged involuntarily. Plaintiff was 57 years old when his employment was terminated. Prior to dismissing plaintiff, BHC had its attorneys look into the possibility that the discharge would create ADEA problems.

### Analysis

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to relief by summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." *Jane Doe A. v. Special School Dist. of St. Louis County,* 682 F.Supp. 451 (E.D.Mo.1988), *aff'd* 901

---

1. Plaintiff disputes characterization of this action as a RIF. This contention is addressed below.

Plaintiff does not dispute the number of employees cut by BHC.

F.2d 642 (8th Cir.1990), citing *Poller v. Columbia Broadcasting, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In determining whether judgment should issue, the facts and inferences drawn from them are viewed in the light most favorable to the nonmoving party; and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–90, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, this Court views the evidence presented with an eye toward which party has the burden of proof within the underlying substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253–55, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

■ Recently, the Supreme Court noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Therefore, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356, and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*

■ An ADEA plaintiff who cannot adduce direct evidence of age discrimination may still prove up his case with a shifting burden of persuasion, as outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this approach, plaintiff must establish a prima facie case; next the burden shifts to defendant to articulate some legitimate non-discriminatory reason for its action; and if defendant meets this burden the plaintiff must demonstrate that defendant's proffered reasons are pretextual in order to prevail. *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1164 (8th Cir.1985) (citations omitted). Plaintiff's ultimate burden is to show that age was a determining factor in his discharge—and if he cannot meet his prima facie case he has not met that burden. *Id.*

■ To meet his prima facie case, plaintiff must show: 1) that he is within a protected age group; 2) that he was qualified for the job; 3) that despite his qualifications he was discharged; and 4) after the discharge the position remained open and the employer continued to seek applications from persons with similar qualifications. *Id.* at 1165. The first three elements are not in dispute here. Plaintiff cannot meet the fourth head-on because there is no dispute but that his position was eliminated. However, some courts have loosened the fourth prong's standard by allowing a plaintiff to proceed on a showing that he was disadvantaged in favor of a younger person. *See, e.g., Coburn v. Pan American World Airways, Inc.,* 711 F.2d 339, 343 (D.C.Cir.), *cert. denied,* 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed.2d 683 (1983).

■ The Eighth Circuit has recognized that, based on the above analysis, every person with a bare allegation of discrimination would be allowed a trial—even when an employer is merely undertaking an even-handed reduction in force. Therefore, it said that "mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination ... plaintiff in such reorganization cases must come forward with additional evidence that age was a factor in his termination in order to establish a prima facie case." *Holley,* 771 F.2d at 1166. In this case, plaintiff has come forward with no evidence to buttress his subjective belief that he was a victim of age discrimination; therefore he fails the above test.

The core of plaintiff's argument to avoid summary judgment is that BHC was not really undergoing a RIF at the time it dis-

charged him; therefore the more liberal standard from non-RIF cases should be followed—allowing him to air his claims before a jury. To do this, he seizes on statements regarding a typical RIF made in *Hillebrand v. M–Tron Indus., Inc.,* 827 F.2d 363 (8th Cir.1987), *cert. denied* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989); and attempts to read them as requirements for an employer to show that a legitimate RIF has occurred.

■ First, plaintiff claims that for a RIF to be legitimate, the employer must be suffering economically from a downturn in business which precipitates layoffs. This is based on the Eighth Circuit's observation in *Hillebrand* that RIF"s are often necessitated by a business decline. *Id.* at 367. Precedent, as well as logic, belies plaintiff's assertion that an employer must be suffering economically before it can justifiably call layoffs a RIF. The Eighth Circuit has repeatedly noted that "the ADEA is not intended to be used as a means of reviewing the propriety of a business decision on the part of the employer," and that "the ADEA does not authorize the courts to judge the wisdom of a corporation's business decisions." *Holley,* 771 F.2d at 1166 n. 8 (citations omitted). Plaintiff does not dispute that BHC made a valid business decision to reduce its staff; he disputes the decision only insofar as it affects him. It would be nonsensical to require an employer to wait until his business is in dire economic straits to justify a RIF for purposes of the ADEA. This is precisely the type of second-guessing proscribed by the Eighth Circuit in *Holley* and other cases.

■ Second, plaintiff claims that no RIF occurred here because defendant has failed to articulate objective criteria that it used to make layoff decisions. Again, plaintiff seeks to elevate a statement in *Hillebrand* to the level of a prerequisite for a legitimate RIF. In *Hillebrand,* the Eighth Circuit noted that a RIF is usually accompanied by evidence of objective criteria by which the company would determine which jobs to eliminate. Again, this Court refuses to read the Eighth Circuit's discussion of a common factual scenario as a requirement. *Hillebrand* is factually distinguishable from this case, because there the plaintiff was able to demonstrate a chain of events that gave rise to a fairly debatable inference that Mr. Hillebrand's employer discharged him because of his age, rather than as part of a legitimate RIF. Plaintiff has no similar proof in this action, aside from his own subjective conclusion that his discharge was age-related. Even if there were a requirement that an employer consider objective criteria to decide which positions to cut, defendant has adequately demonstrated—through unrebutted deposition testimony and exhibits—that the decision to discharge plaintiff was part of a much larger and well documented plan to create a leaner company.

■ To summarize, this Court is convinced that, as a matter of law, defendant has demonstrated that plaintiff's discharge was part of a legitimate reduction in force. Even after considerable discovery, plaintiff can offer no direct or indirect/statistical evidence other than his own subjective opinion to document his claim of age discrimination by defendant. This is not enough to survive a summary judgment motion. As noted above, the Eighth Circuit requires some direct or circumstantial evidence of discrimination for a plaintiff to meet his prima facie burden. *Holley,* 771 F.2d at 1166. Just as the plaintiff has nothing to show that his discharge was age-motivated, he offers nothing to substantiate his claim that his discharge was not part of a valid RIF. While the ADEA affords some special protection from discrimination to older workers, it does not impose an iron-clad prohibition on layoffs to members of that class.

This Court is mindful of the admonition in *Hillebrand* that summary judgment is to be sparingly used, particularly in cases involving alleged employment discrimination. *Id.,* 827 F.2d at 364. However, summary judgment remains appropriate when, as here, a plaintiff alleging age discrimination fails to establish a genuine issue of material fact as to the existence of the required prima facie elements. *Kypke v. Burlington Northern R. Co.,* 928 F.2d 285, 287 (8th Cir.1991); *Wilson v. Frank,* 783 F.Supp. 446, 450 (D.S.D.1991) *appeal dismissed* 981 F.2d 987 (8th Cir.1993), *petition for cert. filed* —— U.S.L.W. ——

(U.S. March 15, 1993) (No. 92–8058). There-fore, it is hereby

ORDERED that defendant's motion for summary judgment, filed March 1, 1993, is granted.

IT IS FURTHER ORDERED that based on the foregoing conclusion, plaintiff's pending motion to compel deposition, filed March 2, 1993, is dismissed as moot.