998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
David S. SIMMONS, Appellant,
v.
Caterina DITRAGLIA; Milton A. Saitz, Circuit Court Judge,
St. Louis County, Missouri, Appellees.
 No. 93-2029.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 9, 1993.
Filed: July 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of Missouri
 E.D.Mo.
 DISMISSED.
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Simmons appeals from the final order entered in the District Court[1] for the Eastern District of Missouri denying his motion to vacate the court's judgment in his 42 U.S.C. § 1983 action. For the reasons discussed below, we dismiss the appeal for lack of appellate jurisdiction.
 
 
 2
 Simmons claimed that a state public defender and a state judge conspired to deprive him of his right to a speedy trial in his criminal case. In an order entered on May 29, 1992, the district court dismissed the complaint. In a motion dated March 9, 1993, and purportedly brought under Fed. R. Civ. P. 60(b), Simmons moved to vacate the court's judgment. He contended that the court erred by dismissing his original complaint without giving him an opportunity to amend so that he could add more details concerning his speedy-trial claim. On March 22, the court entered judgment, summarily denying the motion. On March 30, Simmons appealed the denial of his motion, reiterating his speedy-trial claim and arguing that the district court abused its discretion by not setting forth its reasons for denying the motion.
 
 
 3
 Rule 60(b) permits the district court, upon a party's motion made within a reasonable time, to grant relief from a final judgment on grounds of, inter alia, mistake, inadvertence, surprise, newly discovered evidence, fraud, or excusable neglect. A motion can be considered under Rule 60(b), however, only if it states grounds for relief available under the rule. Reyher v. Champion Int'l Corp., 975 F.2d 483, 488 (8th Cir. 1992). The district court could not have correctly construed Simmons's March 9 motion as a Rule 60(b) motion because he did not allege any such grounds and did not make a showing of exceptional circumstances. See id.
 
 
 4
 Simmons's motion must be construed as an untimely-filed motion under Fed. R. Civ. P. 59(e). Its dismissal has left this court with "nothing to review, as [Simmons] failed to file a timely appeal of the [May 29, 1992] decision." See Wilson v. Runyon, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam), cert. denied, 61 U.S.L.W. 3834 (U.S. June 14, 1993); see also Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) (untimely Rule 59 motion does not toll time for appeal). Because Simmons "filed neither a timely appeal nor a post-trial motion [this court] may properly review," we dismiss his appeal for lack of jurisdiction. See Wilson, 981 F.2d at 989.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Senior United States District Judge for the Eastern District of Missouri