**PRINTED MEDIA SERVICES, INC., Appellee,**

v.

**SOLNA WEB, INC., Appellant.**

No. 93–1328.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1993.

Decided Dec. 15, 1993.

Mark Gunnison, Overland Park, KS, argued, for appellant.

John Knoepfler, Minneapolis, MN, argued, for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and VIETOR,* District Judge.

VIETOR, District Judge.

Solna Web, Inc. appeals the district court's denial of its Rule 60(b)(4) motion to vacate a multi-million dollar default judgment entered against it in this diversity of citizenship case. Solna Web, Inc. contends that the district court never acquired personal jurisdiction over it because it was never served with process pursuant to Federal Rule of Civil Procedure 4, and therefore the default judgment entered must be vacated as void. For the reasons discussed below, we reverse and remand to the district court.

## BACKGROUND

Underlying the personal jurisdiction issue is the tale of two separate corporations, referred to herein as "Solna Delaware," a Delaware corporation and the appellant in this case, and "Solna Missouri," a Missouri corporation.

Solna Missouri was originally incorporated in 1984 under the name New Sub, Inc., but changed its name to Solna, Inc. later in 1984. On June 11, 1986, appellee Printed Media Services, Inc. ("Printed Media"), a Minnesota corporation, entered into a contract with Solna Missouri to purchase an offset press and related equipment. After receiving the offset press, Printed Media experienced various problems with the press, which it communi-

---

* The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa, sitting by designation.

cated to Solna Missouri. Solna Missouri again changed its name—this time to Solna Web, Inc.—in May 1989.

Solna Delaware was incorporated under the name PEC Acquisition Corp. in November 1989, by a parent corporation, Publishers Equipment Corporation. In January 1990, Solna Missouri and Solna Delaware entered into an asset purchase agreement by which Solna Delaware purchased and assumed certain assets and liabilities of Solna Missouri. The asset purchase agreement specifically mentions Solna Delaware's potential liability to Printed Media Services in the indemnification of purchaser provision in ¶ 5(e) of the agreement, and the "Excluded Liabilities" provision in Schedule 2 to the agreement.

One of the assets that Solna Delaware purchased was the right to use the name "Solna Web, Inc." One of the terms of the agreement was that Solna Missouri would change its name to one not similar to "Solna Web, Inc." On April 2, 1990, Solna Missouri changed its name to Bocca, Inc., and on May 3, 1990, Solna Delaware changed its name to Solna Web, Inc.

After the agreement, Solna Delaware used Solna Missouri's former facility and business address, and employed at least two former employees of Solna Missouri who had been involved in the communications with Printed Media Services.[1]

On May 11, 1990, after changing its name to Bocca, Inc., Solna Missouri, styling itself "Solna Web Incorporated * * * a Missouri corporation in good standing with its principal place of business located [in] Kansas City, Missouri," filed a complaint for declaratory judgment against Printed Media in United States District Court for the Western District of Missouri, seeking a declaration of rights under the terms of the contract(s) between the parties.

On May 15, 1990, Printed Media, dissatisfied with the offset press it purchased from Solna Missouri, filed this lawsuit against "Solna Web, Inc." in United States District Court for the District of Minnesota alleging contract, warranty and tort claims arising out of the sale of the offset press. Printed Media caused the summons and complaint to be served on Solna Missouri's resident agent in Missouri, LT Agent Services, Inc., on May 17, 1990. Solna Delaware's resident agent at the time was The Prentice–Hall Corporation Systems, Inc. in Delaware. Solna Delaware did not establish a Missouri resident agent until June 11, 1990.

On June 22, 1990, the defendant, styling itself "Defendant Solna Web, Incorporated," moved to dismiss Printed Media's complaint because of its declaratory judgment action pending in Missouri, and alternatively moved to transfer venue to the Western District of Missouri. In August 1990, the declaratory judgment action in Missouri was dismissed in favor of the Minnesota action. On September 10, 1990, the Minnesota district court denied the motion to dismiss or to transfer venue.

In a September 12, 1990 letter to Printed Media's counsel, Solna Missouri's counsel stated that certain individuals "are no longer employed by Defendant Solna Web, Incorporated, now known as Bocca, Inc., and are therefore, not within our control to produce for depositions." On September 27, 1990, the defendant, again styling itself "Defendant, Solna Web, Incorporated," filed an answer to Printed Media's complaint.

The record shows that at several points in the litigation Printed Media's counsel was aware of Solna Missouri's name change, Solna Delaware's purchase of its assets, and that service of process on Solna Delaware was in question. For instance, during a hearing on a motion for discovery conference on December 12, 1990, Printed Media's counsel acknowledged that Solna Missouri's brief indicated that Solna Web, Inc. (Solna Missouri) had changed its name to Bocca, Inc. Solna Missouri's counsel further stated during that hearing that "Bocca, Inc. is a caretaker corporation at this point. It is no longer actively involved in business in this country, and it has no employees. The assets of the corporation were sold in two

---

1. Printed Media asserts these facts in its brief. The pages in the record to which Printed Media cites do not clearly establish each of them as a fact, but because Solna Delaware does not dispute them, we accept them as true for purposes of this appeal.

separate transactions some time back, and these gentlemen have been appraised [sic] of that."

In January 1991, Printed Media received a copy of the asset purchase agreement between Solna Missouri and Solna Delaware from Solna Delaware's parent company, Publishers Equipment Corporation. Printed Media's counsel was present at a March 1991 deposition in which the deponent, an agent of Solna Delaware, testified that after the asset purchase agreement, Solna Delaware changed its name to Solna Web, Inc. and Solna Missouri changed its name to Bocca, Inc.

In a letter to Printed Media's counsel, dated June 5, 1991, Solna Missouri's counsel discussed at great length the corporate separateness of Solna Missouri and Solna Delaware, as well as the fact that Solna Delaware had never been served, and that Solna Missouri was the entity which had been served and responded as a defendant and was now known as Bocca, Inc.

In a settlement conference memorandum, presumably written in September or October 1991, Solna Missouri's counsel stated that the

corporation which is now known as Bocca, Inc. originally responded to the suit. Unfortunately, counsel which was retained was unaware of the April 20, 1990 name change until late 1990. As a result, counsel initially filed pleadings in this cause in the name of Solna Web, Inc. When the mistake was discovered, in late 1990, counsel began to designate its corporate client as Bocca, Inc., the name by which it is now known.

On October 25, 1991, Printed Media filed a motion on the status of defendant and for leave to amend its complaint. Printed Media sought to have the court determine which corporate entity, Solna Delaware or Solna Missouri, had responded in the name of Solna Web, Inc., and to amend its complaint to assert a cause of action against Solna Delaware. The proposed amended complaint asserted the original counts against Bocca, Inc. (Solna Missouri), and added a count for the first time against Solna Delaware asserting successor liability and related theories.

Throughout the proceedings in the district court described above, counsel for the defendant was counsel retained by Solna Missouri. He advised only Solna Missouri about the progress of the litigation, not Solna Delaware.

On January 27, 1992, the magistrate judge entered his order finding that there was "only one Solna Web, Inc. in existence when plaintiff initiated this lawsuit, and that entity was properly served and service was accepted in the name of Solna Web, Inc.," and that Solna Delaware was the "proper and named defendant herein, as this is the entity which answered and otherwise responded to the lawsuit." No Solna Delaware representatives were present or had the opportunity to brief these matters before the magistrate judge. The magistrate judge also granted Printed Media leave to amend its complaint.

Subsequent to the filing of its amended complaint, Printed Media served process on Bocca, Inc. (Solna Missouri) pursuant to Rule 4; it did not, however, serve process on Solna Delaware. In February 1992, Printed Media mailed a copy of the magistrate judge's order and a copy of the amended complaint by regular mail to Solna Delaware's then-existing registered agent in Missouri. No summons was ever served or mailed.

In May 1992, Printed Media moved for default judgment against Solna Delaware. On May 27, 1992, the motion for default judgment was granted and judgment was entered against Solna Delaware in the amount of $6,688,339. On June 30, 1992, the default judgment was registered in both the Kansas and Missouri courts.

On October 16, 1992, Solna Delaware filed, pursuant to Federal Rule of Civil Procedure 60(b)(4), a motion to vacate the default judgment as void for lack of personal jurisdiction. The district court, relying on the magistrate judge's order, denied the motion finding that

there was only one Solna Web, Inc. in existence when [Printed Media] initiated this lawsuit, and that entity was properly served and service was accepted in the name of Solna Web, Inc. By responding to the complaint and failing to contest ser-

vice, Solna Web, Inc. has waived its right to do so at this late date. *See* Fed. R.Civ.P. 12(h) and (g).

This appeal followed.

## STANDARD OF REVIEW

■ The standard of review for a denial of a Rule 60(b) motion is whether the district court abused its discretion; this review does not include review of the underlying decision which was not appealed. *Browder v. Director*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Jensen v. Klecker*, 702 F.2d 131, 132 (8th Cir.1983). The parties disagree on whether the findings of the district court (and by reference, those of the magistrate judge) are considered findings of fact subject to clearly erroneous review, or "ultimate facts" subject to *de novo* review. Using either standard of review, however, the district court's findings in its denial of Solna Delaware's Rule 60(b) motion must be reversed; therefore, we need not decide which standard applies.

## DISCUSSION

Solna Delaware asserts that: (1) the district court never acquired personal jurisdiction over it because it was never served with process under Federal Rule of Civil Procedure 4; (2) as a party who had not been served with process, it was under no duty to answer or file a motion, and therefore it did not waive its right to object to the district court's jurisdiction; and (3) that a default judgment entered without service of process and personal jurisdiction is void and can be attacked at any time either directly in the rendering court or through collateral attack upon enforcement of the judgment.

The Federal Rules of Civil Procedure in effect at the time this case was in the district court[2] provide that a summons and complaint may be served upon a foreign corporation "pursuant to the law of the State in

which the district court is held," Fed.R.Civ.P. 4(c)(2)(C)(i), (d)(3), including foreign corporations not found within that state, if the state's statutes or rules of court allow, *see* Fed. R.Civ.P. 4(e), (f).

Minnesota law allows extra-territorial service on foreign corporations in certain circumstances. *See* Minn.Stat. §§ 543.19, 303.-13. Assuming those circumstances exist here, the law provides that personal service of the summons may be made upon the defendant outside Minnesota, *see* § 543.19, by "delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons," *see* Minn. R.Civ.P. 4.03(c). A foreign corporation is also subject to service of process by service on its registered agent, *see* § 303.13 subd. 1(1), or on the secretary of the state of Minnesota if the corporation "makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota," § 303.13 subd. 1(3).

■ Here, Printed Media served process on Solna Missouri's registered agent in Missouri, LT Agent Services (LT). LT was not the registered agent for Solna Delaware, and although Printed Media argues that LT was Solna Delaware's "implied agent," no agency relationship may be implied from the facts presented. Solna Delaware did not have a registered agent in Missouri at the time the complaint was filed and served, but that does not create an implied agency with LT and does not mean, as Printed Media asserts, that LT was the entity having more authority than anyone else to accept service on Solna Delaware's behalf. Printed Media has presented no facts indicating that LT had actual authority to receive service on Solna Delaware's behalf, or that Solna Delaware manifested consent for LT to have that authority. *See Winkel v. Eden Rehab. Treatment Facility*, 433 N.W.2d 135, 138–39 (Minn.Ct.App. 1988).[3]

**2.** The Federal Rules of Civil Procedure were amended effective December 1, 1993.

**3.** Printed Media makes much of the fact that Solna Delaware used the same facility and hired some of Solna Missouri's employees, and the fact that the asset purchase agreement between Solna

Missouri and Solna Delaware specifically mentions potential liability from the sale of the press to Printed Media Services. These facts, however, although they may be relevant to the substantive legal issue of successor corporate liability, are irrelevant to the issues of whether Printed Media accomplished service of process on Solna Dela-

■ Furthermore, Printed Media could have served a copy of the summons and complaint on any of the parties provided for by statute and rule which would have effectuated service on Solna Delaware; it did not. When Printed Media amended its complaint to bring a count against Solna Delaware for successor liability, it did not properly serve even that amended complaint. Printed Media merely mailed a copy of the amended complaint along with the magistrate judge's order. Service of process on Solna Delaware was never accomplished, and Printed Media cannot be said to have "substantially complied" with Rule 4. Therefore, the district court's findings that Solna Delaware was properly served and that it accepted service are clearly erroneous.

■ If a defendant is improperly served, a federal court lacks jurisdiction over the defendant. *See Dodco, Inc. v. American Bonding Co.*, 7 F.3d 1387 (8th Cir.1993); *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). Printed Media asserts that Solna Delaware waived any insufficiency of process because *Solna Missouri's* counsel failed to indicate early in the litigation that he represented only Solna Missouri, not Solna Delaware. The record, however, shows several instances during the litigation that provided Printed Media with knowledge of the relevant facts. In any event, neither Solna Missouri nor its counsel can waive deficiencies of process for Solna Delaware. Solna Delaware was never served and never appeared in the lawsuit. Therefore, it cannot be deemed to have waived any insufficient service or to be estopped by its "actual notice" of the lawsuit. *See Sieg*, 693 F.2d at 807 (federal court lacks jurisdiction over improperly served defendant despite any actual notice of the lawsuit that the defendant may have).

## CONCLUSION

The district court's findings that Solna Delaware was properly served, that Solna Delaware responded to the complaint but failed to contest service, and that Solna Delaware waived its right to contest service, are clearly erroneous. Therefore, the district court did

ware and whether the district court obtained

not have personal jurisdiction over Solna Delaware, and it abused its discretion in denying Solna Delaware's motion to vacate the default judgment.

The district court's order denying the motion to vacate the default judgment under Rule 60(b)(4) is reversed and the case is remanded for further proceedings consistent with this opinion.

personal jurisdiction over Solna Delaware.