**In re YUKON ENERGY
CORPORATION,
Debtor.**

**Kent D. KNUDSON, Appellant,**

**v.**

**John R. STOEBNER, trustee of
the Estate of Yukon Energy
Corporation, Appellee.**

**BAP No. 98–6072MN.**

United States Bankruptcy Appellate Panel
of the Eighth Circuit.

Submitted Nov. 12, 1998.

Decided Nov. 25, 1998.

Kent Knudson, Minneapolis, MN, pro se.

David A. Harbeck, Minneapolis, MN, for appellee.

Before KOGER, Chief Judge, WILLIAM A. HILL, and SCHERMER, Bankruptcy Judges.

SCHERMER, Bankruptcy Judge.

Kent Knudson (Knudson) appeals the bankruptcy court's [1] decision of August 5, 1998, denying his Motion to Vacate and Set Aside the entry of the bankruptcy court order of March 15, 1995, which declared that Knudson's lien on property of the debtor's estate was valueless. Knudson premised his Motion to Vacate, and pursues this appeal under Rule 60(b)(4) Fed.R.Civ.P.,[2] asserting that the bankruptcy court lacked jurisdiction to hear and decide the lien issue addressed in the order of March 15, 1995. John R. Stoebner, bankruptcy trustee of the estate of Yukon Energy Corporation, (Yukon), has moved under Rule 38 Fed. R.App. P. for the imposition of sanctions against Knudson for bringing a frivolous appeal. We affirm the decision of the bankruptcy court and deny the Trustee's motion for sanctions.

## STANDARD OF REVIEW

■ The standard of review for a denial of a Rule 60(b) motion is whether the trial court abused its discretion; this review does not

---

1. The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

2. Rule 60(b)(4) Fed. R. Civ. P is made applicable to this case by Rule 9024 Fed. R. Bankr.P.

include review of the underlying decision which was not appealed. *Browder v. Director, Dep't. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Printed Media Services, Inc. v. Solna Web, Inc.,* 11 F.3d 838 (8th Cir.1993).

## FACTS

The Eighth Circuit Court of Appeals reviewed the facts and procedural history of this case in detail in its decision in *Yukon Energy Corp. v. Brandon Inv., Inc. (In re Yukon Energy Corp.),* 138 F.3d 1254 (8th Cir.1998). The history is therefore only summarized here. On December 30, 1993, Yukon filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On February 15, 1994, Yukon commenced an adversary proceeding against Knudson (and others) alleging (1) that Knudson was liable for fraudulently reviving an extinguished lien against property of the estate of Yukon; and (2) that the fraudulently revived lien was valueless. Yukon's Chapter 11 case was converted to a Chapter 7 proceeding on May 12, 1994, and shortly thereafter, John R. Stoebner, (Trustee), was appointed Trustee of the estate. In August 1994, Yukon sold virtually all of its assets on terms which transferred them "subject to" all secured claims. As a condition of the sale, the buyer agreed to bear the expenses of prosecuting the adversary proceeding against Knudson and agreed to split the proceeds of any recovery from that litigation with the bankruptcy estate.

The bankruptcy judge severed the claim pertaining to valuation of the lien from the fraud claim and tried the lien valuation issue first. The bankruptcy court treated the lien valuation issue as a core proceeding which sought a determination of the validity, extent, or priority of liens under 28 U.S.C. § 157(b)(2)(K). Taking core jurisdiction over the issue, the bankruptcy court entered its order of March 15, 1995, in favor of Yukon, and declared that the lien against Yukon's estate was without value.

Knudson then moved the district court for " 'leave to appeal from the final and interlocutory Order of the bankruptcy court dated March 15, 1995.' " *Yukon,* 138 F.3d at 1257, (quoting the words chosen by Knudson to characterize the order from which he sought leave to appeal). It is not clear why Knudson referred to the order as both "interlocutory" and "final," but the district court denied the motion for leave, noting that " '[i]f the Defendants seek to appeal from the Bankruptcy Court's final Order in this case, they may file an appeal pursuant to [Bankruptcy] Rule 8001 and this District's local rules. The present Motion is not the proper vehicle for initiating such an appeal.' " *Yukon,* 138 F.3d at 1256–1257 (quoting the district court order in *Brandon Inv., Inc. v. Yukon Energy Corp. (In re Yukon Energy Corp.),* Civ. No. 3–95–580, slip op. at 3 (D.Minn. Dec. 5, 1995)). Despite such direction from the district court, however, Knudson did not file an appeal of the bankruptcy court's March 15, 1995 ruling as a final order.

Rather, Knudson waited almost three years until June 29, 1998, to file his Rule 60(b)(4) motion seeking to void the bankruptcy court's order of March 15, 1995, on the basis that the bankruptcy court was without jurisdiction to issue that order. In his motion, Knudson argued that as a result of the sale of assets in August, 1994, the "Yukon bankruptcy estate no longer held any right, title or interest in the property to which [the] lien attached [and therefore] the judgment [March 15, 1995] is void because at the time of trial and entry of judgment, the bankruptcy court lacked subject matter jurisdiction to determine the validity of the lien in property which has been sold and therefore was no longer property of the estate." (Knudson brief at p. 3).

## DISCUSSION

■ "A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal." *Kocher v. Dow Chemical,* 132 F.3d 1225, 1228 (8th Cir.1997). In other words, if a party fails to appeal an adverse judgment and then files a Rule 60(b)(4) motion after the time permitted for an ordinary appeal has expired, the motion will not succeed merely because the same argument would have succeeded on appeal. *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825 n. 4 (8th Cir.) (en banc), *cert. denied,* 449

U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980). Here, the district court's order (quoted above) specifically invited Knudson to appeal the March 15, 1995, bankruptcy order, but Knudson chose not to accept that invitation. Instead, Knudson filed the present Rule 60(b)(4) Fed.R.Civ.P. motion. That motion was nothing more than a belated end run around Knudson's failure to appeal, and is ineffective. Knudson's failure to appeal the order of March 15, 1995, in the first instance, is fatal to the present appeal from denial of his Rule 60(b) motion.

Knudson's motion under Rule 60(b)(4) Fed. R.Civ.P. could succeed without a prior appeal, but "only if the absence of jurisdiction was so glaring as to constitute a 'total want of jurisdiction' or a 'plain usurpation of power' so as to render the judgment void from its inception." *Kocher*, 132 F.3d at 1229 (citing *Kansas City Southern*, 624 F.2d at 825). The Second Circuit has explained that a judgment is not void for lack of subject matter jurisdiction unless "no arguable basis" for jurisdiction existed. *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir.1986) (citing *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir.1972)). Accordingly, we must determine whether an arguable basis for jurisdiction over Knudson's lien claim existed.

■ To answer this question, we need to look no further than the court of appeals decision in *Yukon*. In that case, although the only issue specifically on appeal was the fraudulent revival of the lien, the court considered, albeit in dicta, Knudson's argument that "the bankruptcy court lacked jurisdiction over the lien valuation claim." *Id.* at 1257. In considering this question, the court of appeals found that the bankruptcy court exercised **core jurisdiction** over the lien valuation claim and that because Knudson "fail[ed] to timely appeal the lien order as a final order, [Knudson] waived any objection to the determination that the lien was valueless." *Id.* at 1259 (emphasis added). Had the bankruptcy court lacked core jurisdiction over the lien valuation issue, the court of appeals could not have held that Knudson's failure to appeal the bankruptcy court's order waived further objection to the bankrupt-

cy court's determination. Moreover, 28 U.S.C. § 157(b)(1) states clearly that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings ... and may enter appropriate orders and judgments, subject to review under section 158 of this title." Thus, there is doubt that more than an arguable basis for jurisdiction existed in the bankruptcy court, and that Knudson's Rule 60(b)(4) motion cannot succeed.

### Trustee's Motion Requesting Sanctions For Frivolous Appeal

■ The final issue we must address is the Trustee's request for sanctions against Knudson for filing a frivolous appeal. The trustee brought his motion for sanctions under Rule 38 Fed. R.App. P. which is not applicable to this court. After careful review of the Trustee's motion and the applicable provisions of both Rule 8011(a) and Rule 9011 Fed. R. Bankr.P., which are applicable here, we are of the opinion that the Trustee's motion should be denied.