# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

01-6025MN

---

In re: Larry Kenneth Alexander    *

Debtor    *

Larry Kenneth Alexander    *

   *   Appeal from the United States

Debtor - Appellant    *   Bankruptcy Court for the

   *   District of Minnesota

v.    *

Mary Jo A. Jensen-Carter    *

Trustee - Appellee    *

---

Submitted: October 2, 2001
Filed: November 15, 2001

---

Before KOGER, Chief Judge, WILLIAM A. HILL and SCHERMER, Bankruptcy Judges

KOGER, Chief Judge

Debtor Larry Kenneth Alexander appeals from an Order of the Bankruptcy Court[1] denying his request for relief under Fed. R. Civ. P. 60(b) and 11 U.S.C. § 105. For the reasons that follow, we affirm.

---

[1] The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

FACTUAL BACKGROUND

Three days prior to filing his *pro se* Chapter 13 bankruptcy petition on June 18, 1998, Alexander moved out of his marital home at 875 Laurel Avenue, St. Paul, Minnesota. Because he was not physically residing at the 875 Laurel address at the time he filed his Chapter 13 petition, Alexander listed his address on his bankruptcy petition as 175 North Lexington Parkway, St. Paul, Minnesota, which was the address of the property where he was living while he and his wife were separated and when he filed his bankruptcy petition. Although he listed the 175 North Lexington property as his address, Alexander nevertheless claimed a homestead exemption for the 875 Laurel residence on his bankruptcy schedules.

After the Chapter 13 Trustee objected to the homestead exemption because Alexander had referred to the wrong statute, Alexander amended his schedules, claiming the 875 Laurel Avenue residence exempt under Minnesota's correct homestead statute. The Chapter 13 Trustee again objected, this time on the ground that Alexander was not physically residing at that property when he filed his petition and, therefore, it did not qualify as his homestead.

The Bankruptcy Court conducted an evidentiary hearing and entered an Order dated December 3, 1998, granting the Trustee's objection and ruling that 875 Laurel was not exempt in Alexander's case because he was not physically living in the residence on the day he filed his bankruptcy petition. At the same time, the Bankruptcy Court also converted Alexander's Chapter 13 case to Chapter 7.

Alexander timely appealed the Order granting the Trustee's objection to the homestead exemption. On August 4, 1999, the District Court for the District of Minnesota affirmed the Bankruptcy Court's decision and Alexander appealed that decision to the Eighth Circuit Court of Appeals. While the appeal was pending in the Eighth Circuit, the District Court stayed its Order on the condition that Alexander post a bond, which he failed to do. As a result, following a motion by one of the creditors

involved in that litigation, the Eighth Circuit dismissed Alexander's appeal on November 17, 2000, suggesting in its opinion that the appeal itself had no merit.

Meanwhile, while the appeal was pending in the Eighth Circuit, Alexander's converted Chapter 7 case progressed in the Bankruptcy Court. Alexander again attempted to claim a homestead exemption for the 875 Laurel Avenue residence in his Chapter 7 case, arguing that he had moved back into that residence prior to the conversion and that, under the Eighth Circuit's decision in Armstrong v. Lindberg (In re Lindberg), 735 F.2d 1087 (8th Cir. 1984), the date of conversion controlled which property he could claim exempt as his homestead. The Chapter 7 Trustee objected on the grounds that Lindberg had been overruled by the enactment of the 1994 Bankruptcy Code, that the date of the original petition controlled which property Alexander could claim as his homestead, and, again, that Alexander was not residing at the 875 Laurel address when he filed his original petition.

On June 30, 1999, the Bankruptcy Court granted the Chapter 7 Trustee's objection to the homestead exemption, see In re Alexander, 236 B.R. 679 (Bankr. D. Minn. 1999), and Alexander appealed to the Bankruptcy Appellate Panel. On October 21, 1999, the BAP affirmed, ruling that Lindberg had been overruled by the enactment of the 1994 Code. See In re Alexander, 239 B.R. 911 (B.A.P. 8th Cir. 1999). Alexander took the case up again to the Eighth Circuit and, on January 8, 2001, the Eighth Circuit affirmed the Bankruptcy Court's decision, declaring Lindberg to be overruled by the new Code and, therefore, the date of the original petition controlled which property Alexander could claim as his homestead. See In re Alexander, 236 F.3d 431 (8th Cir. 2001). On February 13, 2001, the Eighth Circuit denied Alexander's motion to rehear the case *en banc*.

Meanwhile, while all this was going on in Alexander's case, Alexander's wife, Georgina Stephens, filed a separate Chapter 7 case on August 17, 1998, about a month after Alexander had filed his original petition. At that time, she was living at 875

3

Laurel Avenue with their minor son and Alexander was residing at the 175 North Lexington address. Ms. Stephens listed the 875 Laurel address as her address on her bankruptcy petition but she did not claim any ownership interest in the property nor did she claim any homestead exemption in her bankruptcy schedules. Rather, she listed a rent payment in the amount of $1,175 per month which she said was the result of an agreement between Alexander and her that she pay him rent while they were separated. She did not list an ownership interest in the residence because, although she and Alexander had lived there together for many years before the separation, he was the only one listed on the deed. Consequently, Ms. Stephens, who was represented by an attorney in her bankruptcy proceedings, did not believe she had any interest in the property.

However, apparently due to the difficulty he was having claiming a homestead exemption in the 875 Laurel property in his own bankruptcy proceedings, Alexander, *pro se*, filed an "Amended Schedule A & C to Correct Description of Realty Claimed Exempt" in his wife's case, crudely attempting to exempt the property on his own behalf as a "dependant" of Ms. Stephens. His is the only signature that appears on this document; Ms. Stephens did not sign the document purporting to amend her schedules, nor did her attorney. In addition, no one notified any of the creditors in Ms. Stephens' case of the "Amended Schedules" filed by Alexander in her case and so there were no objections made to Alexander's attempt to claim the homestead exemption in Ms. Stephens' case. Ms. Stephens received a discharge in her Chapter 7 case on November 18, 1998.

A few months thereafter, on June 7, 1999, Ms. Stephens filed a second bankruptcy petition, this time under Chapter 13. As she had done in her first case, Ms. Stephens, who was again represented by counsel, listed her address as 875 Laurel, but she again did not list any interest in the property, nor did she claim an exemption for it in her schedules. She again stated she was paying her husband rent in the amount

4

of $1,175 per month and confirmed the rental arrangement in an e-mail to the Trustee herein dated August 9, 1999.

As he had attempted to do in Ms. Stephens' first case, on October 4, 1999, Alexander, *pro se*, filed another "Amended Schedule A & C to Correct Description of Realty Claimed Exempt" in Ms. Stephens' Chapter 13 case, again attempting to exempt the property on his own behalf as a "dependant" of his wife in her case. And again, no one notified the Chapter 13 Trustee or the creditors and, as a result, there were no objections to Alexander's attempt to claim the homestead exemption in his wife's case. The Chapter 13 Trustee in Ms. Stephens' case subsequently abandoned all property in her case, apparently unaware that Alexander was claiming an interest and exemption in the house on his wife's behalf in her case. Ultimately, Ms. Stephens voluntarily dismissed her Chapter 13 case in December 1999.

Subsequently, in February 2001, after the appeals were exhausted in Alexander's case and it had been finally determined that Alexander could not exempt the 875 Laurel property in his own bankruptcy case, the Trustee offered Alexander the opportunity to buy the property for the fair market value, advising Alexander and Stephens that if they did not purchase the property from the estate, they would need to vacate the premises so it could be sold for the benefit of the estate. Unable or unwilling to purchase the property from the Trustee and facing eviction, Alexander filed a *pro se* motion in the Bankruptcy Court seeking relief under Fed. R. Civ. P. 60(b) and 11 U.S.C. § 105. Among other things, Alexander asked the Bankruptcy Court to find that Ms. Stephens was entitled to claim an exemption in the 875 Laurel property as her homestead. The Bankruptcy Court denied the motion by Order dated April 17, 2001. This is the Order being appealed herein.

Meanwhile, shortly after the Bankruptcy Court denied the Rule 60(b) Motion, on April 30, 2001, Ms. Stephens, represented by counsel, commenced an action in the United States District Court for the District of Minnesota on her own behalf and the

behalf of her minor son against the Trustee herein, claiming that she had exempted the 875 Laurel property as her homestead in her bankruptcy cases and that the Trustee's attempt to take possession of the property and liquidate it for the benefit of Alexander's bankruptcy estate violated the discharge injunction and automatic stay in her case, as well as her constitutional rights to her homestead under Minnesota law. In conjunction with this action in the District Court, Ms. Stephens filed a motion for temporary injunction seeking to enjoin the Trustee from evicting her and her son from the residence. That motion was heard by a magistrate judge on June 1, 2001, at which time the magistrate judge refused to grant the injunctive relief, indicating on the record that Ms. Stephens had not properly claimed the residence as her homestead in her bankruptcy cases and stating that the Court believed that Ms. Stephens' motion may have violated Rule 11. The magistrate judge entered a written Order dated June 5, 2001, requiring Ms. Stephens and her attorney to show cause why they should not be sanctioned under Rule 11 for filing the motion for preliminary injunction. Ms. Stephens has appealed the magistrate judge's Order and the Trustee has filed a motion to dismiss Ms. Stephens' complaint in the District Court. Those items are still pending.

Now before us is Alexander's appeal of the Bankruptcy Court's denial of his Rule 60(b) and 11 U.S.C. § 105 motion.

STANDARD OF REVIEW

The standard of review for a denial of a Rule 60(b) motion is whether the Bankruptcy Court abused its discretion; this review does not include review of the underlying decision which was not appealed. Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 842 (8th Cir. 1993); In re Yukon Energy Corp., 227 B.R. 150, 151-52 (B.A.P. 8th Cir. 1998). The denial of a request pursuant to 11 U.S.C. § 105 is also reviewed under an abuse of discretion standard. See McGowan v. Ries (In re McGowan), 226 B.R. 13, 16 (B.A.P. 8th Cir. 1998).

DISCUSSION

Alexander bases his appeal on two primary points: (1) that the Bankruptcy Court, throughout the various proceedings in his case, erred in concluding that he could not claim the 875 Laurel property exempt as his own homestead; and (2) that the proceedings by the Trustee and the Bankruptcy Court in attempting to recover the 875 Laurel property in his case are void *ab initio* because they violated the automatic stay and discharge injunction in his wife's bankruptcy cases. Alexander cannot prevail here under either theory, primarily because he is either re-hashing arguments which have already been decided and affirmed by other courts or which should have been raised in the earlier proceedings.

As to the first point, Alexander correctly asserts that, as a general proposition, claimed exemptions are presumed to be valid and the Trustee bears the burden of proving that an exemption is invalid. Alexander incorrectly claims, however, that the Trustee failed to meet her burden in his case and that the Bankruptcy Court improperly shifted the burden to Alexander to prove that the 875 Laurel residence was his homestead. Rather, as the Bankruptcy Court found in its first decision on the homestead exemption, the presumption of the validity of Alexander's original claimed homestead exemption was rebutted by the fact that he declared, under penalty of perjury, that he was residing a the 175 North Lexington Parkway address at the time he filed his original bankruptcy petition. By objecting to the claimed exemption and pointing this fact out, as well as showing that Alexander was, in fact, living at 175 North Lexington at that time, the Trustee met her burden. The Bankruptcy Court so found and, in its opinion dismissing the appeal, the Eighth Circuit declared the appeal itself as having "complete lack of merit." Consequently, the issue of whether Alexander could have claimed the 875 Laurel address as his homestead in his original petition has already been decided by the Bankruptcy Court and affirmed by the Eighth Circuit and could not be relitigated in the subsequent Rule 60(b) motion.

With the issue as to whether Alexander could claim the 875 Laurel property as his homestead in his original petition having been decided against him, Alexander next attempted to claim an exemption in the 875 Laurel residence as his homestead on the ground that he *did* live there on the date his case was converted to Chapter 7. At the time he made that argument to the Bankruptcy Court, In re Lindberg arguably permitted that. However, as discussed above, the Bankruptcy Court, the BAP, and the Eighth Circuit Court of Appeals determined that In re Lindberg had been overruled by the new Bankruptcy Code and that the date of Alexander's original petition controlled which property he could claim as his homestead.

In addition, contrary to Anderson's assertion that this second decision (as to whether he could claim the exemption in his converted Chapter 7 case) was interlocutory or that the Bankruptcy Court merely "certified" the question of Lindberg's viability, the Eighth Circuit also plainly affirmed the Bankruptcy Court's ruling that Alexander could not claim the 875 Laurel address as his homestead in the converted case, either. Specifically, the Eighth Circuit expressly said, after declaring Lindberg to be overruled by the new Code, "We further hold that the Bankruptcy Court correctly sustained the Chapter 7 Trustee's objection to Alexander's homestead exemption. See In re Smoinikar, 200 B.R. 640, 644 (Bankr. D. Minn. 1996) (Minnesota homestead exemption law requires that debtor 'actually occupy' residence)." In re Alexander, 236 F.3d at 433.

Thus, at this point, the Eighth Circuit has affirmed the Bankruptcy Court's determinations that Alexander could not claim the 875 Laurel homestead exemption in the original Chapter 13 case because *Alexander did not live there when he filed that petition* and that he could not claim it in his converted Chapter 7 case because the original filing date controlled and, as it had already found in its first decision, *Alexander did not live there when he filed the original petition.*

8

As a result, following the second decision by the Eighth Circuit in Alexander's case, the Bankruptcy Court had nothing more to consider as to whether Alexander could claim the homestead exemption in the 875 Laurel property in his own bankruptcy case. Nevertheless, Alexander still asserted in his Rule 60(b) motion, and he asserts here, that the Bankruptcy Court should have considered factors including, among other things, that he was only temporarily out of the family home when he filed his original petition, that his family remained there throughout, and that under Minnesota law, he was entitled to claim the homestead under those circumstances. These are all items which were or should have been raised when the Bankruptcy Court first considered whether Alexander could claim the exemption in his original petition.

"A Rule 60 motion is not the vehicle for restating old complaints and rearguing old evidence dealt with earlier in the proceedings." Kieffer v. Riske (In re Kieffer-Mickes, Inc.) 226 B.R. 204, 210 (8th Cir. 1998). Moreover, "[t]he law of the case doctrine prevents relitigation of a settled issue in a case and requires that courts follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." In re Usery, 242 B.R. 450, 457 (B.A.P. 8th Cir. 1999); see also Klien v. Arkoma Prod. Co. 73 F.3d 779, 784 (8th Cir. 1996). When a case has been decided by the Eighth Circuit on appeal and remanded, every question which was decided by the Eighth Circuit, whether expressly or by necessary implication, is finally settled and determined, thus creating a mandate for the lower court. See Klien, 73 F.3d at 784.

> The [lower court] is bound by the decree and must carry it into execution according to the mandate. . . . It may not "alter it, examine it except for purposes of execution, or give any further or other relief or review it for apparent error with respect to any question decided on appeal."

Id. (citations omitted)

The Bankruptcy Court was bound by the Eighth Circuit's previous decisions in this case and could not consider Alexander's arguments in the Rule 60(b) motion,

either new or re-hashed, as to whether he was entitled to claim the 875 Laurel property as his homestead. Consequently, we will not address them further here.

That being the case, with the Bankruptcy Court having conclusively determined that Alexander could not claim the homestead exemption in his own case, Alexander next asserts that the Bankruptcy Court should have considered Ms. Stephens' alleged exemption in the property. Specifically, Alexander asserts that the actions taken by the Trustee and the Bankruptcy Court in his case regarding the 875 Laurel property are all void *ab initio* because they violated the automatic stay and discharge injunction in Ms. Stephens' bankruptcy cases.

This argument fails for several reasons. First, Ms. Stephens' cases were progressing simultaneously with Mr. Alexander's cases. If Ms. Stephens had properly claimed an exemption in this property and if her exemption was relevant in this bankruptcy case, this argument should have been raised in the Bankruptcy Court long ago. As with Alexander's other arguments in this appeal, this belated Rule 60(b) motion is not the time to raise the issue of Ms. Stephens' alleged exemption in the property.

In addition, Ms. Stephens' interest in the property is irrelevant in the context of Mr. Alexander's bankruptcy case, except perhaps to the extent to which Alexander asserts that Trustee and Bankruptcy Court in his cases have violated the automatic stay and discharge injunction in Ms. Stephens' bankruptcy cases. As a result, and since there is a separate action pending involving Ms. Stephens' rights in the property, we make no determination here as to her rights in the property under Minnesota law. Rather, we limit our discussion here to the very narrow issue of whether the Trustee's actions in this case violated the automatic stay or discharge injunction in Ms. Stephens' cases.

In order for that to have occurred, Ms. Stephens must have claimed an interest in and exemption for the 875 Laurel property in her cases. For these purposes, we will assume that, *if* Ms. Stephens had properly claimed an exemption in the property as her homestead in her bankruptcy cases, the Trustee herein may have violated the discharge injunction in her case and would not be able to evict her and administer the property in Alexander's case. Nevertheless, contrary to Alexander's assertions herein, there is no evidence in the record before us that Ms. Stephens did properly claim an interest in or an exemption for the property in either of her bankruptcy cases and, as a result, neither the Trustee nor the Bankruptcy Court in Alexander's case violated the automatic stay or discharge injunction in her case.

Particularly, the record before us includes the schedules and purported amended schedules filed in Ms. Stephens' bankruptcy cases, as well as certain other documents from her cases, including an August 9, 1999 e-mail to the Trustee herein in which Ms. Stephens confirms that she was paying Alexander rent on the property. In neither of Ms. Stephens' cases is the 875 Laurel property listed on her Schedules A or C. In addition, even giving Mr. Alexander a very generous interpretation of the "Amended Schedule A & C to Correct Description of Realty Claimed Exempt" and assuming it could be construed as amending Ms. Stephens' Schedules A & C in the manner Alexander contends it does (which we seriously question), in neither case were the "amended schedules" served on the proper parties. Furthermore, since the Trustees in her cases were apparently unaware of the claim of homestead exemption due to the lack of notice and misleading nature of the document, the Trustees' purported abandonment of such property was ineffectual.[2]

---

[2] In addition, based on the transcript of the proceedings Ms. Stephens instituted in the District Court for the District of Minnesota, which is included in the record before us, it is clear that the magistrate judge has likewise concluded that Ms. Stephens did not properly claim an interest or exemption in the property.

As a result, the Bankruptcy Court properly rejected the argument that Rule 60(b) relief should be granted based on Ms. Stephens' alleged exemption in the property and the Trustee's purported violation of the automatic stay and discharge injunction.

We therefore conclude that Alexander's Rule 60(b) motion was properly denied on the merits.

Alternatively, even if the arguments asserted by Alexander in the Rule 60(b) motion had merit or had not been precluded because the Eighth Circuit has already decided them, the Bankruptcy Court properly denied Alexander's motion for relief under Fed. R. Civ. P. 60(b) because the motion was untimely brought. Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).[3]

Alexander's Rule 60(b) motion was filed on February 20, 2001. In effect, he is seeking relief from orders entered by the Bankruptcy Court on December 3, 1998,

---

[3] Rule 60(b) is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.

and June 30, 1999. In order to avoid the one-year limitation, Alexander asserts his motion was brought under Rule 60(b)(6) which must be made within a "reasonable time."

Regardless which subsection of the rule Alexander brings his motion under, in no event was it brought within a reasonable time. "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). In this case, it would not have been an abuse of discretion for the Bankruptcy Court to have found that it was unreasonable to wait over two years after the first order was entered, and after the Eighth Circuit issued an unfavorable result, to bring this motion.

Finally, Alexander asserts the Bankruptcy Court erred in failing to give his *pro se* pleadings liberal application and that he is therefore entitled to relief under 11 U.S.C. § 105. As the Bankruptcy Court has mentioned, despite the fact that he is not an attorney, Alexander demonstrates remarkable understanding of complicated legal arguments and his pleadings and briefs are well done. In any event, while *pro se* litigants may be entitled to liberal construction of their pleadings, the record simply does not support the argument that Alexander did not receive such favorable treatment or that he is entitled to relief under § 105 or any other theory.

In sum, Alexander is, in effect, asking the Bankruptcy Court to ignore the Eighth Circuit's rulings in his case, something the Bankruptcy Court could not do and something which neither Rule 60(b) nor 11 U.S.C. § 105 were ever intended to permit.

## CONCLUSION

For the foregoing reasons, we conclude that the Bankruptcy Court did not abuse its discretion in denying Alexander's motion under Rule 60(b) and 11 U.S.C. § 105. The judgment is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT