# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 02-6006 EA

---

In re:                                          *
                                                *
Curtis A. Crofford, and                         *
Maria E. Crofford,                              *
                                                *
    Debtors.                 *
                                                *
Curtis A. Crofford, and                         *   Appeal from the United States
Maria E. Crofford,                              *   Bankruptcy Court for the
                                                *   Eastern District of Arkansas
    Appellants,              *
                                                *
      v.            *
                                                *
Conseco Finance Servicing Corporation,          *
                                                *
    Appellee.                *

---

Submitted: April 1, 2002
Filed: May 1, 2002 (Corrected May 3, 2002)

---

Before SCHERMER, DREHER, and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The debtors, Curtis A. Crofford and Maria E. Crofford ("Debtors"), appeal the bankruptcy court[1] order denying the Debtors' motion to reopen their case and the order denying the Debtors' motion to reconsider such order. We have jurisdiction over the appeal from the final order of the bankruptcy court denying the motion to reconsider. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

ISSUES

The first issue on appeal is whether the Debtors' appeal was timely. We conclude that the appeal was not timely as to the bankruptcy court's original order declining to reopen the Debtors' Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 350 to permit the Debtors to pursue an action against Conseco Finance Servicing Corporation ("Creditor") for alleged violations of the discharge injunction of 11 U.S.C. § 524. However, the appeal was timely as to the bankruptcy court's order declining to reconsider its prior order.

The second issue on appeal is whether the bankruptcy court abused its discretion when it denied the Debtors' motion to reconsider under Federal Rule of Civil Procedure 60, applicable herein pursuant to Federal Rule of Bankruptcy Procedure 9024. We conclude that the bankruptcy court did not abuse its discretion in denying the motion to reconsider.

BACKGROUND

On January 25, 2000, the Debtors executed two promissory notes in the principal amounts of $13,000 and $61,858.50 in favor of the Creditor. The two promissory notes were secured by real estate mortgages.

---

[1]The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Eastern District of Arkansas, resigned on February 15, 2002.

On August 20, 2000, the Debtors filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code. On December 14, 2000, the Debtors received a discharge and on January 16, 2001, the Debtors' bankruptcy case was closed.

On July 16, 2001, the Creditor filed a complaint in equity in the Circuit Court of Pulaski County, Arkansas ("State Court") seeking a reformation of the legal descriptions and foreclosure of its interest under the mortgages. In their answer to the complaint, the Debtors raised the issue of the discharge injunction in a counterclaim. The Creditor filed its amended complaint wherein it expressly stated that it "does not seek to obtain a personal judgment against the [Debtors], only an *in rem* judgment."

On November 19, 2001, the Debtors filed a motion to reopen their bankruptcy case to address the issue of the impact of their discharge on the Creditor's claims raised in the State Court litigation. On December 13, 2001, the bankruptcy court entered its order denying the motion to reopen the bankruptcy case. In so doing, the bankruptcy court determined that the State Court litigation was an *in rem* proceeding, not an action to collect from the Debtors personally, that the bankruptcy court lacked jurisdiction over the property which was the subject of the litigation because the Debtors had asserted an exemption with respect to the property, and that the State Court could resolve any issues raised by the Debtors in the litigation pending before it, including any issues related to the discharge injunction of 11 U.S.C. § 524.

On December 26, 2001, the Debtors filed a motion to reconsider the order refusing to reopen their case, which was denied by order dated January 8, 2002. This appeal followed.

STANDARD OF REVIEW

The facts are not in dispute. We review the issue of the timeliness of the appeal *de novo*. *Drewes v. Vote (In re Vote)*, 276 F.3d 1024, 1026 (8th Cir. 2002); *In re*

3

*Westpointe, L.P.*, 241 F.3d 1005, 1007 (8th Cir. 2001). We review the bankruptcy court's order denying the Rule 60(b) motion to reconsider for an abuse of discretion. *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999); *Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1535 (8th Cir. 1996); *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 842 (8th Cir. 1993); *Design Classics, Inc. v. Westphal (In re Design Classics, Inc.)*, 788 F.2d 1384, 1386 (8th Cir. 1986); *Alexander v. Jensen-Carter (In re Alexander)*, 270 B.R., 281, 286 (B.A.P. 8th Cir. 2001); *Knudson v. Stoebner (In re Yukon Energy Corp.)*, 227 B.R. 150, 151-52 (B.A.P. 8th Cir. 1998); *Barger v. Hayes County Non-Stock Co-op (In re Barger)*, 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998).

DISCUSSION

Timeliness of Appeal

The order denying the motion to reopen was entered on December 13, 2001. Such order became final and non-appealable ten days after it was entered on the docket unless a notice of appeal or motion to reconsider was filed during such time period. Fed. R. Bankr. P. 8002. The tenth day after the order was entered fell on a Sunday. When such a deadline expires on a non-business day, the deadline is automatically extended to the next day the court is open for business. Fed. R. Bankr. P. 9006(a). In this instance, the next non-weekend day was Monday, December 24, 2001, Christmas Eve. There is no indication in the record as to whether or not the bankruptcy court was open on Christmas Eve and the bankruptcy court did not specifically address this issue in its order denying the motion for reconsideration, other than to note that the motion was filed thirteen days after the order was entered.

The motion for reconsideration does not indicate under what authority reconsideration is sought. We conclude, however, that it was brought pursuant to

Federal Rule of Civil Procedure 60, applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9024, which authorizes the filing of a motion for relief from judgment or order within a reasonable time.[2]

The Debtors filed their motion for reconsideration thirteen days after the original order was entered. The bankruptcy court was clearly not open for business on the tenth (Sunday) and the twelfth (Christmas) days after the order was entered. Fed. R. Bankr. P. 9006(a). The Debtors have failed to establish that the court was not open on the eleventh day after the order was entered (Christmas Eve). Absent evidence that the court was closed on Christmas Eve, we must presume that the court was open for business on that day.[3] Regardless, the motion was filed within a reasonable time as mandated by Federal Rule of Civil Procedure 60 and was therefore timely under such rule.

Notwithstanding the timeliness of the motion for relief from judgment under Federal Rule of Civil Procedure 60, an appeal of an order for which a Rule 60 motion has been filed is only timely if such motion was filed within ten days after entry of the original order. Fed. R. Bankr. P. 8002(b). The Debtors thus did not timely appeal the original order. The Debtors did file their appeal within ten days after entry of the order denying the motion to reconsider. The appeal was therefore timely as to the motion to reconsider. Consequently this court has jurisdiction to address the merits of the order denying the motion to reconsider. However, a timely appeal of the denial

---

[2]If the Debtors intended the motion as a request for relief under Federal Rule of Civil Procedure 59, applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9023, the motion was untimely and therefore would have failed for lack of jurisdiction because Rule 59 motions must be filed within ten days after entry of the original order. Fed. R. Civ. P. 59(b); *Sanders v. Clemco Indus.*, 862 F.2d 161, 169 (8th Cir. 1988).

[3] Federal Rule of Bankruptcy Procedure 9006(a) does not recognize Christmas Eve as a legal holiday.

of a motion to reconsider does not authorize a review of the underlying decision which was not timely appealed. *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 842 (8th Cir. 1993); *Design Classics, Inc. v. Westphal (In re Design Classics, Inc.)*, 788 F.2d 1384, 1386 (8th Cir. 1986); *Knudson v. Stoebner (In re Yukon Energy Corp.)*, 227 B.R. 150, 151-52 (B.A.P. 8th Cir. 1998); *Barger v. Hayes County Non-Stock Co-op (In re Barger)*, 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998). Therefore this court lacks jurisdiction to consider the merits of the order declining to reopen the case.

Denial of the Rule 60(b) Motion to Reconsider

Pursuant to Federal Rule of Civil Procedure 60, applicable herein pursuant to Federal Rule of Bankruptcy Procedure 9024, relief from an order can be granted for a clerical mistake or for mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or is no longer equitable, or for any other reason justifying relief from the order. Relief under Rule 60 is extraordinary and lies within the court's discretion. *Wilson v. Runyon*, 981 F.2d 987, 989 (8th Cir. 1992); *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir. 1992); *Design Classics, Inc. v. Westphal (In re Design Classics, Inc.)*, 788 F.2d 1384, 1386 (8th Cir. 1986); *In re DEF Inv., Inc.*, 186 B.R. 671, 680-81 (Bankr. D. Minn. 1995). In the motion, the Debtors failed to allege mistake, fraud, misrepresentation, misconduct, newly-discovered evidence, or any other reason recognized in Rule 60 as grounds for reconsidering an order. The Debtors merely restated their desire to reopen the case and asserted an additional reason for reopening the case: to allow the Debtors to pursue a cause of action pursuant to 11 U.S.C. § 362(h) for damages for violation of the automatic stay. Rule 60 is not available to rehash matters already decided nor to advance new legal theories which could have been raised in the original motion; rather it is available only where one of the grounds set forth in the rule is established. *Wilson v. Runyon*, 981 F.2d at 989, *Sanders v. Clemco Indus.*, 862 F.2d 161, 169-70

(8th Cir. 1988); *In re DEF Inv., Inc.*, 186 B.R. at 680-81. The bankruptcy court's decision to deny the motion to reconsider was clearly within its discretion and shall not be reversed.

## CONCLUSION

The Debtors' appeal was timely as to the order denying the motion to reconsider but not as to the merits of the underlying decision not to reopen the case. The bankruptcy court did not abuse its discretion in denying the motion to reconsider. Accordingly, we affirm the order of the bankruptcy court denying the motion to reconsider its order declining to reopen the case.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT