

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# In Re: David Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2506

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: David Smith " (2006). *2006 Decisions.* Paper 852.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/852

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2506

IN RE: DAVID A. SMITH,

Debtor

David A. Smith,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 04-cv-04318)
District Court Judge: The Honorable Charles R. Weiner

Submitted pursuant to Third Circuit LAR 34.1(a)
June 16, 2006

Before: FISHER, CHAGARES, and REAVLEY,[*] <u>Circuit</u> <u>Judges</u>.

(Opinion Filed:  June 22, 2006)

OPINION OF THE COURT

---

[*] Honorable Thomas M. Reavley, Senior Circuit Judge of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

CHAGARES, Circuit Judge:

Debtor/Appellant David A. Smith appeals the decision of the District Court, affirming the Bankruptcy Court's denial of his motion to reopen his bankruptcy proceeding. Because Smith's appeal from the Bankruptcy Court was untimely, the appeal must be dismissed for lack of jurisdiction.

I.

Smith's Chapter 7 bankruptcy proceeding was closed in 2002. In March 2004, Smith filed two papers against Appellees Jodie White and David Sobotka: a motion to reopen the bankruptcy proceeding, and an adversary proceeding. The Bankruptcy Court considered only the motion to reopen, noting that it lacked jurisdiction over the adversary proceeding because the underlying case was closed. (App. at 10 n.7).

The Bankruptcy Court denied Smith's motion to reopen on July 27, 2004, simultaneously filing and entering an opinion and order. (App. at 7, 17, 41). On August 13, the adversary proceeding was terminated as moot. (App. at 41).

Six days later, on August 19, Smith filed his notice of appeal, and he paid his fee on August 26. (App. at 41–42.) The entire text of the notice is as follows: "David Smith hereby appeals to the District Court Judge Twardowski's July 27, 2004 Order of Court received this July 31, 2004 denying his petition to reopen his bankruptcy." *In re: David Smith*, No. 01-24981, Notice of Appeal at 2, docket #33, (Bankr. E.D. Pa. Aug. 19, 2004). As is evident, Smith made no mention of the August 13 termination in his notice of appeal. Smith did not file a motion for reconsideration, nor did he request an extension of

2

time in which to appeal. (App. at 41). The parties and the District Court did not address the timeliness of the appeal. The District Court affirmed the denial of the motion to reopen on April 13, 2005.

Because Smith's notice of appeal appeared to be filed after the ten-day deadline set forth in Fed. R. Bankr. P. 8002(a), this Court requested letter briefs from counsel on whether the appeal should be dismissed for lack of jurisdiction. Smith asserts two arguments against dismissal: that the final order triggering his appeal occurred on August 13, 2004, and that estoppel should prevent dismissal.

## II.

Smith's appeal was untimely. "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." FRBP 8002(a). The denial of a motion to reopen is a final, appealable order, the entry of which starts the ten-day period. In re Crofford, 277 B.R. 109, 112 (B.A.P. 8th Cir. 2002); In re Deutsch-Sokol, 290 B.R. 27, 29–30 (S.D.N.Y. 2003). "The failure to file a timely notice of appeal [from Bankruptcy Court] creates a jurisdictional defect barring appellate review." Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). The Court may raise this jurisdictional issue *sua sponte*. In re Mouradick, 13 F.3d 326, 328 (9th Cir. 1994); Adapt of Philadelphia v. Philadelphia Housing Authority, 433 F.3d 353, 361 n.10 (3d Cir. 2006) (this Court must consider its appellate jurisdiction).

Smith's appeal clock began to run on July 27, 2004, when the Bankruptcy Court denied Smith's motion to reopen. The Bankruptcy Court's closure of the adversary

3

proceeding on August 13 did not trigger the appeal clock because the denial of the motion to reopen is the only subject of this appeal, and it is the only order that the parties briefed here or in the District Court. This fact is made clear from Smith's August 19 notice of appeal, which specifies that he is appealing "Judge Twardowski's July 27, 2004 Order" and makes no mention of the August 13 termination in his notice of appeal. "[W]here the order or judgment upon which the appellant seeks review is neither directly nor indirectly referred to in the notice of appeal, then the issue is not fairly raised and the Court of Appeals does not acquire jurisdiction." United States v. Rivera Construction Co., 863 F.2d 293, 298 (3d Cir. 1988). Moreover, the Bankruptcy Court unambiguously indicated on July 27 that the adversary proceeding was improperly filed and was distinct from the motion to reopen. See Crofford, 277 B.R. at 113 (where the Bankruptcy Court denied two motions in succession, and the Debtors' appeal was only timely with respect to the second, jurisdiction did not exist to appeal of the first).

Under FRBP 9006(a), Smith was required to file his notice of appeal on or before August 6, 2004. Therefore, his August 19 notice of appeal was 13 days late, depriving this Court and the District Court of jurisdiction over the appeal.

III.

Smith is not entitled to estoppel to prevent dismissal of his appeal. Smith argues that because the Bankruptcy and District Courts did not inform him that his August 19 appeal was late, they deprived him of the opportunity to file a motion for an extension of time in which to appeal. A motion for an extension of time must be filed, at the latest,

4

twenty days after the ten-day deadline. FRBP 8002(c)(2). In this case, therefore, the deadline for an extension motion expired on August 26, 2004.

Smith bears responsibility for missing the appeal and extension deadlines. As explained above, Smith should have known that his appeal clock had begun on July 27 and had expired on August 6. He should not have been waiting for the adversary proceeding to be closed, and he would not have been reasonable in believing that the August 13 order reset his clock. Even if the Bankruptcy Court was under some obligation to inform Smith that his August 19 notice of appeal should have been a motion for an extension of time, Smith gave the Bankruptcy Court an insufficient amount of time in which to correct his error. Smith squandered almost two weeks of his time between August 6 and August 19. After Smith filed his notice, only a week remained before his August 26 deadline to file a motion for an extension, and Smith did not pay his appeal fee until August 26. The District Court would not have had time to inform Smith of his error because (as Smith was told in the August 19 docket entry) the District Court would not receive the notice of appeal until September 13. (App. at 41–42).

The two estoppel cases that Smith cites are inapposite. In both Thompson v. INS, 375 U.S. 384 (1964), and Harris Truck Lines, Inc., v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962), the Supreme Court allowed appellants to proceed with their appeals despite untimeliness. Both lower courts, however, had explicitly ruled that the appellants' actions were timely, and the appellants had relied on those rulings by not requesting extensions of time when they still would have been able to make such requests.

5

<u>Thompson</u>, 375 U.S. at 388–89. Here, the Bankruptcy and District Courts made no such rulings, and because of Smith's delay, he gave them little or no time in which to do so.

## IV.

For the foregoing reasons, neither this Court nor the District Court had jurisdiction over Smith's appeal. Accordingly, we will vacate the decision of the District Court and remand with an order that the District Court dismiss the appeal for lack of jurisdiction.